IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
CASE NO: 2:25-CV-00023

| | | |
|---|---|---|
| DARRELL BANKS, | ) | |
|         Plaintiff, | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| PASQUOTANK COUNTY, | ) | |
|         Defendant. | ) | |

## INTRODUCTION

This is a civil action brought by Plaintiff, Darrell Banks, against Defendant, Pasquotank County, to address and remedy unlawful employment practices, including racial discrimination, harassment, retaliation, and wage disparities. Plaintiff alleges that Defendant has violated federal and state laws, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Equal Pay Act of 1963, 29 U.S.C. § 206(d), the Fourteenth Amendment to the United States Constitution, and the North Carolina Equal Employment Practices Act ("NCEEPA"), N.C. Gen. Stat. § 143-422.2.

Plaintiff seeks declaratory, injunctive, and monetary relief to redress the harm caused by Defendant's discriminatory and retaliatory conduct. Specifically, Plaintiff alleges that Defendant subjected him to a racially hostile work environment, denied him equal opportunities for training and promotion, engaged in pay discrimination, and failed to address or prevent ongoing harassment and retaliation. Plaintiff further

1

contends that Defendant's actions were intentional, willful, and in reckless disregard of his rights under federal and state law.

Through this action, Plaintiff seeks to hold Defendant accountable for its unlawful conduct, to recover damages for the emotional and economic harm he has suffered, and to ensure that such discriminatory practices are not repeated in the future.

## PARTIES

1. Plaintiff, Darrell Banks, is an African American male and a citizen and resident of Pasquotank County, North Carolina. At all times relevant to this action, Plaintiff was employed by Defendant as a Plant Operator with the Pasquotank County Water Department. Plaintiff has been employed in this capacity since 2013 and has consistently performed his job duties satisfactorily.

2. Defendant Pasquotank County, is a municipality organized and existing under the laws of the State of North Carolina. Defendant has administrative direction and control over the Pasquotank County Water Department ("PCWD"), a public entity organized under state law to perform governmental functions and provide services to its constituents. Defendant is responsible for the employment practices and policies at issue in this case.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the claims arise under federal laws, including Title VII of the Civil Rights Act of 1964, the Equal Pay Act of 1963, and 42 U.S.C. § 1981.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), as the events or omissions giving rise to the claims occurred within this district, and Defendant resides or operates within this district.

6. This case is properly assigned to the Northern Division of the United States District Court for the Eastern District of North Carolina, as the events giving rise to the claims occurred in this division.

## EXHAUSTION OF REMEDIES

7. Plaintiff has exhausted all of his administrative remedies prior to filing this action.

8. Plaintiff timely contacted the United States Equal Employment Opportunity Commission ("EEOC") and filed a complaint against Pasquotank County alleging discrimination based on race and retaliation (prior protected activity, identified as EEOC Charge Number 430-2024-01778.

9. On or about March 6, 2025, the EEOC issued Plaintiff a Dismissal and Notice of Rights, commonly know as a "right to sue" letter, for the aforementioned charge.

10. Plaintiff has filed this action within 90 days of receipt of the EEOC's notice of his right to sue letter.

11. By fulfilling all of these procedural requirements, Plaintiff has satisfied the conditions precedent to bringing this lawsuit.

FACTUAL ALLEGATIONS

12. Plaintiff, Darrell Banks, has been employed as a Plant Operator for the Pasquotank County Water Department since 2013.

13. Plaintiff has consistently performed his job duties satisfactorily and has met or exceeded the expectations of his position.

14. During his employment, Plaintiff has been subjected to a racially hostile work environment and discriminatory employment practices by Defendant Pasquotank County.

15. In or about November 2023, Plaintiff discovered a gorilla statue with a cord wrapped around its neck, resembling a noose, in an area he was required to access for work.

16. Plaintiff reasonably perceived this as a racially motivated act of harassment given the United States of America's history of lynching and racial violence against African Americans.

17. Despite reporting the incident to management, no substantive action was taken to address the issue or prevent further harassment.

18. In or about January 2024, Plaintiff discovered another noose-like object made of rope in his work area. Plaintiff reasonably believes that this object was intentionally placed in his path and constituted another act of racial harassment.

19. Plaintiff has experienced ongoing racial harassment, including racist jokes and comments made by co-workers. For example, one co-worker lamented the absence of "free labor" and made racially charged inquiries about Plaintiff's wife's racial identity. These comments were made in the presence of supervisors, who failed to intervene or reprimand the individuals involved.

20. Plaintiff has been the target of racially motivated pranks, including being asked if he had leftover fried chicken, and finding bottles of hot sauce placed in the communal breakroom shortly thereafter. Plaintiff reasonably believed these actions were intended to mock racial stereotypes.

21. Plaintiff has been subjected to degrading treatment, including being forced to clean feces deliberately smeared on toilets, and, later, on his personal locker.

22. Again, management was aware of these incidents but failed to take corrective action.

23. Plaintiff has been denied equal opportunities for training and promotion. Despite requesting access to training for a B-Well certification, which is required for

promotion to Chief Operator, Plaintiff was repeatedly denied or misled about his ability to obtain the certification.

24. Meanwhile, similarly situated White employees were provided the necessary training and promoted to Chief Operator positions, even when they lacked the required certifications.

25. Plaintiff has applied for Chief Operator positions multiple times but has been denied promotions.

26. Less qualified white candidates were hired or promoted instead, despite applying for Chief Operator positions multiple times.

27. Less qualified white candidates were hired or promoted instead, in violation of Defendant's stated policy of preferring internal candidates for promotions.

28. Plaintiff has been subjected to pay discrimination, receiving lower wages than White employees performing the same or substantially similar work under the same or substantially similar conditions.

29. Plaintiff has been denied mandated pay increases and forced to work without compensation during lunch breaks, treatment not experienced by his white colleagues.

30. Despite Plaintiff's inquiries and complaint regarding pay disparities, Defendant has failed to provide any justification for the wage differences or take corrective action.

31. Defendant failed to follow its own grievance procedures in response to Plaintiff's complaints of racial harassment and discrimination.

32. Plaintiff's attempts to report incidents were either ignored or met with retaliation, such as the feces-smearing incident on his locker.

33. Defendant's failure to address the ongoing racial harassment and discrimination has created a hostile work environment, causing him significant emotional distress and impairing his ability to perform his job duties.

## CLAIMS FOR RELIEF

### COUNT I: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

34. Plaintiff realleges and restates the foregoing allegations of the Complaint and incorporates them by reference herein.

35. Defendant subjected Plaintiff to a racially hostile work environment by allowing and failing to address repeated acts of racial harassment, including the placement of racially offensive objects in Plaintiff's work area and the use of racially charged comments and pranks by co-workers.

36. Defendant discriminated against Plaintiff by denying him promotions to Chief Operator positions for which he was qualified, while promoting less qualified white employees.

37. Defendant engaged in pay discrimination by paying Plaintiff less than white employees performing the same duties and denying Plaintiff mandated pay increases.

38. Defendant's conduct was motivated by Plaintiff's race and constitutes unlawful discrimination under Title VII.

39. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages, including emotional distress, lost wages, and other economic losses.

<h3 style="text-align:center">COUNT II: VIOLATION OF 42 U.S.C. § 1981
(Race based discrimination)</h3>

40. Plaintiff realleges and restates the foregoing allegations of the Complaint and incorporates them by reference herein.

41. Defendant engaged in intentional racial discrimination against Plaintiff in the terms and conditions of his employment, including pay, promotions, training opportunities, and the creation of a hostile work environment.

42. Defendant's actions interfered with Plaintiff's right to make and enforce contracts, as protected by 42 U.S.C. § 1981.

43. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages, including emotional distress, lost wages, and other economic losses.

<h3 style="text-align:center">COUNT III: VIOLATION OF THE FOURTEENTH AMENDMENT</h3>

OF THE UNITED STATES CONSTITUTION<br>(42 U.S.C. §1983 – Equal Protection)

44. Plaintiff realleges and restates the foregoing allegations of the Complaint and incorporates them by reference herein.

45. Defendant, acting under color of state law, deprived Plaintiff of his right to equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution.

46. Defendant engaged in intentional racial discrimination by failing to address a racially hostile work environment, denying Plaintiff equal opportunities for training and promotion, and engaging in pay discrimination.

47. Defendant's conduct was intentional, willful, and in reckless disregard of Plaintiff's constitutional rights.

48. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages, including emotional distress, lost wages, and other economic losses.

COUNT IV: VIOLATION OF THE EQUAL PAY ACT ("EPA")<br>(29    U.S.C. § 206(d))

49. Plaintiff realleges and restates the foregoing allegations of the Complaint and incorporates them by reference herein.

50. Plaintiff performed work substantially equal to that of white employees under similar working conditions but was paid less than those employees.

51. The wage disparities between Plaintiff and his white colleagues are not based on seniority, merit, quantity or quality of production, or any factor other than race.

52. Defendant's conduct constitutes a willful violation of the Equal Pay Act.

53. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages, including lost wages and benefits.

<u>COUNT V: VIOLATION OF NORTH CAROLINA EQUAL EMPLOYMENT PRACTICES ACT</u> ("NCEEPA")

54. Plaintiff realleges and restates the foregoing allegations of the Complaint and incorporates them by reference herein.

55. Defendant engaged in unlawful employment practices in violation of the NCEEPA by:

    a. Subjecting Plaintiff to a racially hostile work environment;

    b. Denying Plaintiff equal opportunities for training and promotion based on his race; and

    c. Engaging in pay discrimination against Plaintiff based on his race.

56. Defendant's conduct constitutes unlawful discrimination in violation of the public policy of the State of North Carolina.

57. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages, including emotional distress, lost wages, and other economic losses.

## COUNT VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ("IIED")

58. Plaintiff realleges and restates the foregoing allegations of the Complaint and incorporates them by reference herein.

59. Defendant, through its employees and agents, engaged in extreme and outrageous conduct toward Plaintiff, including acts of racial harassment and discrimination.

60. Defendant's conduct was intentional or reckless and was designed to cause, or was substantially certain to cause, severe emotional distress to Plaintiff.

61. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered severe emotional distress, including anxiety, humiliation, and emotional trauma.

## COUNT VII: NEGLIGENT RETENTION AND SUPERVISION

62. Plaintiff realleges and restates the foregoing allegations of the Complaint and incorporates them by reference herein.

63. Defendant negligently retained and supervised employees who engaged in discriminatory and harassing conduct, despite knowing or having reason to know of their propensity for such conduct.

64. Defendant's failure to act allowed the discriminatory and harassing conduct to continue, causing Plaintiff significant emotional distress and impairing his ability to perform his job duties.

65. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered damages, including emotional distress, lost wages, and other economic losses

## COUNT VIII: RETALIATION UNDER NORTH CAROLINA POLICY

66. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 11 as though fully set forth herein.

67. Plaintiff engaged in protected activity by reporting incidents of racial harassment and discrimination to Defendant's management and through the County's grievance procedures.

68. Defendant retaliated against Plaintiff for engaging in protected activity by subjecting him to adverse actions, including degrading tasks and failing to address his complaints.

69. Defendant's retaliatory actions constitute a violation of the public policy of the State of North Carolina.

70. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages, including emotional distress, lost wages, and other economic losses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court for relief as follows:

1. Declare that Defendant's actions violated Title VII of the Civil Rights Act of 1964;

2. Declare that Defendants' actions violated 42 U.S.C. § 1981;

3. Declare that Defendant's actions violated the Equal Pay Act of 1963;

4. Declare that Defendant's actions violated the Fourteenth Amendment to the United States Constitution;

5. Declare that Defendants actions violated the North Carolina Equal Employment Practices Act;

6. Issue an injunction requiring Defendant to cease all discriminatory and retaliatory practices;

7. Issue an injunction requiring Defendant implement effective policies, procedures, and training to prevent discrimination, harassment, and retaliation in the workplace;

8. Issue an injunction requiring Defendant provide equal opportunities for training, promotion, and pay to all employees, regardless of race;

9. Award Plaintiff compensatory damages for emotional distress, mental anguish, humiliation, and other non-economic losses in an amount to be determined at trial;

10. Award Plaintiff all unpaid wages, benefits, and other compensation due to the pay disparities, including interest, in an amount to be determined at trial;

11. Award Plaintiff punitive damages to punish Defendant for its willful, malicious, and reckless conduct and to deter similar conduct in the future, in an amount to be determined at trial;

12. Award Plaintiff liquidated damages as provided under the Equal Pay Act for Defendant's willful violations;

13. Award Plaintiff reasonable attorney's fees, costs, and expenses incurred in this action, as provided by law;

14. Award Plaintiff pre-judgment and post-judgment interest on all monetary damages awarded, as allowed by law; and

15. Grant such other and further relief as the Court deems just and proper.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant the relief sought in the Prayer for Relief section of this Complaint. Plaintiff seeks to hold Defendant accountable for its unlawful conduct, to obtain redress for the harm caused by Defendant's actions, and to ensure that such discriminatory and retaliatory practices are not repeated in the future.

Plaintiff further requests any additional relief that the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

Respectfully submitted, this the 23rd day of April, 2025.

THE LAW OFFICE OF NEUBIA L. HARRIS, PLLC

/s/ Neubia L. Harris
Neubia L. Harris
N.C. Bar No.: 42069
The Law Office of Neubia L. Harris, PLLC
312 W. Millbrook Road, Ste. 141
Raleigh, NC 27609
(919) 526-0500 (telephone)
(919) 589-3935 (facsimile)
neubia@neubiaharrislaw.com
*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing COMPLAINT has been electronically filed with the Clerk of the Court using the CM/ECF, which will send notification to the following:

Sparty Hammett, County Manager
Pasquotank County Courthouse
206 East Main Street
Elizabeth City, NC 27909

R. Michael Cox, County Attorney
Pasquotank County Courthouse
206 East Main Street
Elizabeth City, NC 27909

This is the 23rd day of April, 2025.

THE LAW OFFICE OF NEUBIA L. HARRIS, PLLC

/s/ Neubia L. Harris
Neubia L. Harris
N.C. Bar No.: 42069
The Law Office of Neubia L. Harris, PLLC
312 W. Millbrook Road, Ste. 141
Raleigh, NC 27609
(919) 526-0500 (telephone)
(919) 589-3935 (facsimile)
neubia@neubiaharrislaw.com
*Attorneys for Plaintiff*