IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:25-CV-23-BO-RJ

DARRELL BANKS, )
)
        Plaintiff, )
)
v. ) O R D E R
)
PASQUOTANK COUNTY, )
)
        Defendant. )

This cause comes before the Court on defendant's motion to dismiss and for judgment on the pleadings pursuant to Rules 12(b)(1), 12(b)(2), and 12(c) of the Federal Rules of Civil Procedure and plaintiff's motion for leave to file an amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. The appropriate responses and replies have been filed, and a hearing on the motions was held before the undersigned on December 16, 2025, at Elizabeth City, North Carolina. In this posture, the motions are ripe for disposition.

Rule 15(a) provides that leave to amend a pleading should be freely given where justice so requires. Fed. R. Civ. 15(a); *Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 461 (4th Cir. 2013). "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). "Moreover, a court should consider Rule 15(a)'s underlying intent: 'to resolve cases on their merits instead of disposing of them on technicalities.'" *Booker v. City of Lynchburg*, No. 6:20-CV-11, 2020 WL 8513807, at *2 (W.D. Va. Nov. 12, 2020), *report and recommendation adopted*, No.

6:20-CV-00011, 2021 WL 519905 (W.D. Va. Feb. 11, 2021) (cleaned up, quoting *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006)).

Here, the Court discerns no bad faith on the part of plaintiff and no prejudice to defendant given the early stage of these proceedings. Plaintiff seeks to clarify his allegations and has removed at least one claim for relief, and it does not appear that the amendment is plainly insufficient. *See Johnson*, 785 F.2d at 510. Mindful of the liberal standard for granting leave to amend, the Court will allow plaintiff's motion. Defendant's motion to dismiss and for judgment on the pleadings will be denied without prejudice.

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion to dismiss and for judgment on the pleadings [DE 15] is DENIED WITHOUT PREJUDICE and plaintiff's motion to amend his complaint [DE 21] is GRANTED. The clerk is DIRECTED to file plaintiff's proposed amended complaint [DE 21-1] as of the date of entry of this order.

SO ORDERED, this 14 day of January 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE