IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:25-CV-23-BO-RJ

DARRELL BANKS,                          )
                                        )
                Plaintiff,              )
                                        )
        v.                              )           O R D E R
                                        )
PASQUOTANK COUNTY,                      )
                                        )
                Defendant.              )

This cause comes before the Court on defendant's motion to dismiss plaintiff's first amended complaint pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded, defendant has replied, and in this posture the motion is ripe for disposition.

BACKGROUND

In his amended complaint, plaintiff brings claims against his employer, Pasquotank County, for violation of Title VII of the Civil Rights Act of 1964, deprivation of rights guaranteed by the Fourteenth Amendment under 42 U.S.C. § 1983, race-based discrimination and retaliation in violation of 42 U.S.C. § 1981, intentional infliction of emotional distress, and negligent retention and supervision. [DE 31]. In support of his claims, plaintiff alleges as follows. Plaintiff, an African American male, has been employed by the Pasquotank County Water Department since 2013. Plaintiff has consistently performed his job duties consistent with or exceeding the expectations of his employer. However, plaintiff alleges that he has been subjected to a hostile work environment and discriminatory practices by defendant.

In 2022, plaintiff met with the utilities director to discuss plaintiff's concerns regarding discrimination in pay, promotions, and scheduling. This discussion included a promotion opportunity for which plaintiff believed he was the best candidate but for which he was denied the opportunity to interview. The utilities director laughed at plaintiff and was cavalier regarding plaintiff's concerns. In September 2022, plaintiff notified another of his supervisors regarding his meeting with the utilities director as well as his complaints regarding comp time, night shift premium, and other issues. Plaintiff was notified that he could file a grievance pursuant to Pasquotank County's personnel policy.

In August 2023, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). In November 2023, plaintiff discovered a gorilla statue with a cord around its neck in a noose-like fashion on a desk that he used to complete paperwork. Plaintiff reported this incident to his supervisors, who took no action. In December 2023, plaintiff received notification of his right to sue for his initial EEOC charge. In January 2024, plaintiff emailed a Pasquotank County Commissioner to report grievances related to unsafe working conditions, racially-based gestures or comments, and non-compliant hiring practices. Plaintiff was told to report his concerns to human resources, but plaintiff explained he had already complained internally. On January 22, 2024, plaintiff was informed that the gorilla-statute incident would be investigated. When plaintiff reported for work that afternoon, he discovered what appeared to be a shoelace tied with a noose at each end near the sidewalk into the building. The noose was later moved to a spot just inside the door where employees enter the building. Plaintiff further alleges that co-workers made racially motivated comments regarding the food he might have eaten and that he was forced to clean feces that had been smeared throughout the bathroom when he reported to work each Sunday. After plaintiff reported the presence of feces, feces were splattered on his

locker door. The feces-related incidents stopped after the EEOC notified defendant of plaintiff's charge of discrimination.

Plaintiff alleges that he was denied opportunities for training and promotions that other, similarly situated white employees received and that he has been paid less than similarly situated white employees for performing the same or similar work. Plaintiff alleges that only one Black employee has been promoted in the last ten years and that plaintiff was paid $15,000 less than the white employee he replaced. Plaintiff also alleges that defendant violated its own policies by not conducting performance reviews and that he has not been paid for overtime hours he has worked.

DISCUSSION

Defendant argues first that plaintiff has failed to state a claim upon which relief can be granted because (1) he has failed to exhaust his administrative remedies with respect to many of the allegations underlying his Title VII claim, (2) he has failed to sufficiently allege a disparate treatment, hostile work environment, retaliation, or pattern or practice of discrimination as required for a Title VII, 42 U.S.C. § 1981, and 42 U.S.C. § 1983 claim, (3) that he did not sufficiently allege a policy or custom as required for municipal liability under 42 U.S.C. § 1983, (4) that he did not sufficiently allege either extreme or outrageous conduct by defendant or severe emotional distress as required for a claim for intentional infliction of emotional distress, and (5) that he has failed to identify an employee for whom defendant is responsible in support of his negligent supervision and retention claim. Defendant further seeks dismissal of plaintiff's state law claims for intentional infliction of emotional distress and negligent supervision and retention as barred by governmental immunity.

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.*, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Court has considered plaintiff's amended complaint in light of the applicable standards and determines that he has plausibly alleged employment discrimination claims under Title VII, § 1981, and § 1983. *See Gairola v. Va. Dep't of Gen. Servs.*, 753 F.2d 1281, 1285 (4th Cir. 1985) ("Under Title VII and either § 1981 or § 1983, the elements of the required prima facie case are the same."); *see also Brown v. Bratton*, No. CV ELH-19-1450, 2020 WL 886142, at *30 (D. Md. Feb. 21, 2020) ("In the employment discrimination context, courts apply the standards developed under Title VII to an equal protection claim asserted under § 1983."). Accordingly, the motion to dismiss these claims is denied.

Defendant's motion to dismiss plaintiff's state law claims is, however, granted. Defendant argues that governmental immunity bars plaintiff's state law claims. Governmental immunity

4

provides a complete defense that "shields a defendant entirely from having to answer for its conduct at all in a civil suit for damages." *Craig ex rel. Craig v. New Hanover Cnty. Bd. of Educ.*, 363 N.C. 334, 337 (2009). This immunity exists when the government is performing governmental functions. *Evans v. Chalmers*, 703 F.3d 636, 655 (4th Cir. 2012). North Carolina state courts have not resolved whether governmental immunity provides a bar to suit on subject matter jurisdiction or personal jurisdiction grounds. *Yarbrough v. East Wake First Charter Sch.*, 108 F. Supp. 3d 331, 336 (E.D.N.C. 2015). In both cases, however, the plaintiff bears the burden of demonstrating that jurisdiction in the federal district court exists. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (subject matter jurisdiction); *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005) (personal jurisdiction). To demonstrate appropriate jurisdiction, "plaintiff's complaint [must] affirmatively demonstrate the basis for the waiver of immunity." *M Series Rebuild, LLC v. Town of Mount Pleasant, Inc.*, 222 N.C. App. 59, 63 (2012) (cleaned up, citation omitted). The Court may consider documents outside the pleadings without converting the motion to one for summary judgment. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 n.3 (4th Cir. 1999); *Grayson v. Anderson*, 816 F.3d 262, 268-69 (4th Cir. 2016).

Plaintiff has alleged that defendant has waived governmental immunity for his state law claims by purchasing insurance. *See* [DE 31] ¶¶ 17-22; N.C. Gen. Stat. § 153A-435. In support of its motion to dismiss, defendant relies on documents previously filed which show that its liability coverage "excludes claims for which the County may assert sovereign and/or governmental immunity in accordance with North Carolina law, and provide[s] that this coverage does not waive entitlement to sovereign immunity and/or governmental immunity." [DE 27] ¶ 6; *see also* [DE 27-1]; [DE 27-2]; [DE 27-3].

5

North Carolina courts have held that where the unambiguous language of the policy states that there is no coverage for a claim for which the covered entity would be protected by governmental or sovereign immunity, such purchase of insurance does not amount to a waiver of governmental immunity. *See Est. of Earley ex rel. Earley v. Haywood Cnty. Dep't of Soc. Servs.,* 204 N.C. App. 338, 342-43 (2010). Plaintiff's arguments that a decision as to whether government immunity is waived is premature at this stage of the proceeding is without merit. Governmental immunity bars plaintiff's state law claims and they are dismissed for lack of jurisdiction.

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion to dismiss plaintiff's first amended complaint [DE 32] is GRANTED IN PART and DENIED IN PART. Plaintiff's state law claims are DISMISSED for lack of jurisdiction. Plaintiff's remaining claims will proceed.

SO ORDERED, this 28 day of July 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6